**KELLEY DRYE & WARREN LLP**
Lauri A. Mazzuchetti
Glenn T. Graham
Catherine E. James
333 West Wacker Drive, Suite 2600
Chicago, Illinois 60606
T: (312) 857-7070
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com
cjames@kelleydrye.com

*Attorneys for Defendant
Sunrun Inc.*

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CASEY BERTRAM,<br><br>Plaintiff,<br><br>v.<br><br>SUNRUN, INC.,<br><br>Defendant. | Case No.: 2:23-cv-2215-CSB-EIL<br><br>Hon. Colin Stirling Bruce<br><br>**DEFENDANT SUNRUN INC.'S ANSWER TO CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant Sunrun Inc. ("Sunrun") hereby responds to the Class Action Complaint ("Complaint") of plaintiff Casey Bertram ("Plaintiff") by filing this Answer and Affirmative Defenses.

### PRELIMINARY STATEMENT

1. Sunrun denies the allegations contained in the first two sentences of paragraph 1 of the Complaint to the extent they contain factual allegations. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, Sunrun denies those allegations.

2. The allegations in paragraph 2 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

3. Sunrun admits that Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), but denies that Sunrun violated the TCPA or any other law and denies the remaining factual allegations contained in paragraph 3 of the Complaint.

4. The allegations in paragraph 4 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations. Sunrun denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate.

5. Sunrun denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Sunrun denies the factual allegations contained in paragraph 5 of the Complaint.

**PARTIES**

6. Sunrun is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Sunrun admits that it is incorporated in Delaware and headquartered in San Francisco, California.

**JURISDICTION AND VENUE**

8. Sunrun denies the factual allegations contained in paragraph 8 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, Sunrun denies those allegations.

9. Sunrun denies the factual allegations contained in paragraph 9 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, Sunrun denies those allegations.

10. Sunrun denies the factual allegations contained in paragraph 10 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no

response thereto is required. To the extent a response to those legal conclusions is required, Sunrun denies those allegations.

## THE TELEPHONE CONSUMER PROTECTION ACT

11. The allegations in paragraph 11 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

12. The allegations in paragraph 12 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

13. The allegations in paragraph 13 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

14. The allegations in paragraph 14 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

## FACTUAL ALLEGATIONS

15. Sunrun admits the allegations contained in paragraph 15 of the Complaint.

16. The allegations in paragraph 16 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

17. Sunrun admits only that other lawsuits have been filed against it. The remaining allegations in paragraph 17 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

18. The allegations in paragraph 18 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

19. Sunrun is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Sunrun is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Sunrun denies the allegations contained in paragraph 21 of the Complaint.

22. The allegations contained in paragraph 22 of the Complaint are incomplete and state legal conclusions. Sunrun, thus, is without knowledge or information sufficient to form a

belief about the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies such allegations.

23. The allegations in paragraph 23 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

24. Sunrun denies the allegations contained in paragraph 24 of the Complaint.

25. Sunrun denies the allegations contained in paragraph 25 of the Complaint.

26. Sunrun denies the allegations contained in paragraph 26 of the Complaint.

27. Sunrun is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and accordingly denies the same.

28. Sunrun denies the allegations contained in paragraph 28 of the Complaint.

29. Sunrun admits only that its counsel exchanged several email communications with one of Plaintiff's counsel between September 4 and September 19, 2023 regarding Plaintiff.

30. Sunrun denies the allegations contained in paragraph 30 of the Complaint.

31. The allegations in paragraph 31 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

## CLASS ACTION ALLEGATIONS

32. Sunrun admits that Plaintiff purports to bring this action on behalf of himself and a putative class. Sunrun denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Sunrun denies the factual allegations contained in paragraph 32 of the Complaint.

33. Sunrun admits that Plaintiff purports to bring this action on behalf of himself and a putative class. Sunrun denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Sunrun denies the factual allegations contained in paragraph 33 of the Complaint.

34. Sunrun admits that Plaintiff purports to exclude certain individuals from the putative class. Sunrun denies that this case is appropriate for class treatment and denies that the

putative class is valid or appropriate. Sunrun denies the factual allegations contained in paragraph 34 of the Complaint.

35. Sunrun denies the allegations contained in paragraph 35 of the Complaint.

36. Sunrun denies the allegations contained in paragraph 36 of the Complaint.

37. Sunrun denies the allegations contained in paragraph 37 of the Complaint.

38. Sunrun denies the allegations contained in paragraph 38 of the Complaint.

39. Sunrun denies the allegations contained in paragraph 39 of the Complaint.

40. Sunrun denies the allegations contained in paragraph 40 of the Complaint.

41. Sunrun denies the allegations contained in paragraph 41 of the Complaint.

42. Sunrun denies the allegations contained in paragraph 42 of the Complaint.

43. Sunrun denies the allegations contained in paragraph 43 of the Complaint.

## LEGAL CLAIMS

Telephone Consumer Protection Act
(Violations of 47 U.S.C. § 227)
(On Behalf of Plaintiff and the National Do Not Call Registry Class)

44. Sunrun incorporates its responses to paragraphs 1 through 43 as though fully set forth therein.

45. Sunrun denies the allegations contained in paragraph 45 of the Complaint.

46. Sunrun denies the allegations contained in paragraph 46 of the Complaint.

47. Sunrun denies the allegations contained in paragraph 47 of the Complaint.

48. Sunrun denies the allegations contained in paragraph 48 of the Complaint.

## PRAYER FOR RELIEF

Sunrun denies that Plaintiff is entitled to any of the relief he seeks in the "WHEREFORE" paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

By way of further response, Sunrun asserts and alleges the following Affirmative Defenses to Plaintiff's Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff failed to state a claim upon which relief can be granted because, among other reasons, Sunrun had Plaintiff's and each putative class member's prior express invitation or permission and/or an established business relationship with Plaintiff and/or each putative class member.

**SECOND AFFIRMATIVE DEFENSE**

Sunrun had prior express consent, permission, or an invitation to place any phone calls at issue, including to Plaintiff and/or the putative class members. To the extent that Plaintiff and each putative class member inquired about Sunrun's products or services, or is or was a current or former Sunrun customer, their claims are barred.

**THIRD AFFIRMATIVE DEFENSE**

Sunrun had established a relationship with the recipients of any phone calls, including with Plaintiff and the putative classes and such relationship bars Plaintiff's and the putative classes' claims.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's individual and class claims against Sunrun must be dismissed because neither Plaintiff nor the absent classes have suffered an injury-in-fact, and therefore, lack standing to assert or pursue the claims in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

Sunrun alleges that at all times mentioned in the Complaint, Sunrun acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, Sunrun acted in good faith in the honest belief that the acts, conduct, and communications, if any, of Sunrun were justified under the circumstances based on the information reasonably available to Sunrun.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to join the necessary and indispensable parties in this action.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative classes' are barred by *res judicata* and/or otherwise released.

**EIGHTH AFFIRMATIVE DEFENSE**

Sunrun alleges that the award of statutory penalties against Sunrun would violate the Due Process clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative classes' claims are barred, in whole or in part, by the doctrines of laches, unclean hands, waiver estoppel, and/or release.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative classes' claims under the TCPA are unconstitutional.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative classes' claims against Sunrun are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

**TWELFTH AFFIRMATIVE DEFENSE**

Sunrun alleges that by Plaintiff's and the absent class members' conduct, representations, and omissions, upon which Sunrun detrimentally relied, Plaintiff and the absent class members are equitably estopped from asserting any claim for relief against Sunrun.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Sunrun alleges that Plaintiff and/or the putative classes have expressly or impliedly consented to, ratified and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff and/or the putative classes are barred from pursuing claims alleged in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Sunrun alleges that Plaintiff and the putative classes are not entitled to any relief because Sunrun's conduct did not proximately cause any damages, injury, or loss to Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Sunrun alleges that by conduct, representations, and omissions, Plaintiff and/or putative class members have waived, relinquished, and/or abandoned any claim for relief against Sunrun respecting the matters that are the subject of the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative classes' claims against Sunrun are barred because the phone calls that are the subject of the Complaint constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on Sunrun for such phone calls would violate its First Amendment rights.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative classes' claims are barred because Sunrun did not engage in willful and/or knowing misconduct.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Sunrun did not place the alleged phone calls to Plaintiff and/or putative class members.

**NINETEENTH AFFIRMATIVE DEFENSE**

Sunrun is informed and believes, and on that basis alleges, that granting Plaintiff's demand would result in unjust enrichment, as Plaintiff and the putative classes would receive more money than they are entitled to receive.

**TWENTIETH AFFIRMATIVE DEFENSE**

The alleged injuries and/or damages sustained by Plaintiff and the putative classes are the result of conduct of a person or persons over whom Sunrun exercised no control.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff and the putative classes are not entitled to relief under 47 U.S.C. § 227(c)(5) because Sunrun did not make any alleged telephone solicitations to them on their residential telephone lines.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Claims on behalf of the putative class members are subject to arbitration provisions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Sunrun is not liable for any violation, even if one occurred, because the violation was not intentional, and if any violation occurred, it resulted from a bona fide error notwithstanding Sunrun's maintenance of procedures reasonably adapted to avoid any such error.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and each putative class member's claims for relief are barred by their failure to mitigate damages by requesting to no longer receive calls from Sunrun.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and each putative class member's purported claims for relief are barred to the extent that they did not personally register their residential telephone numbers on the National Do Not Call Registry.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's and each putative class member's purported claims for relief are barred to the extent that they allege calls placed less than thirty days after Plaintiff and each putative class member registered their telephone number(s) on the National Do Not Call Registry.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and each putative class member's purported claims for relief are barred to the extent that they authorized third parties to provide Plaintiff's and each putative class members' prior express invitation or permission to Sunrun, or to make an inquiry into Sunrun's products or services on his or their behalf.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Sunrun reasonably relied on prior express invitation or permission provided by others who identified Plaintiff's or each putative class member's telephone numbers to Sunrun, and/or inquiry-based established business relationships between the parties.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Sunrun states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Sunrun reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

WHEREFORE, Sunrun prays for judgment as follows:

1. That Plaintiff take nothing by reason of their Complaint;

2. That judgment be entered against Plaintiff and in favor of Sunrun;

3. That Sunrun recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4. That the Court grant Sunrun such other and further relief as it deems just and proper.

Dated: December 6, 2023

Respectfully Submitted,

KELLEY DRYE & WARREN LLP
Lauri A. Mazzuchetti
Glenn T. Graham
Catherine E. James

By: */s/ Catherine E. James*
Catherine E. James

*Attorneys for Defendant
Sunrun Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2023, I caused a true and correct copy of the foregoing **Answer To Class Action Complaint And Affirmative Defenses** to be filed via the Court's CM/ECF System and thereby served via e-mail on all counsel of record.

*/s/ Catherine E. James*
