# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CASEY BERTRAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 2:23-cv-2215-CSB-EIL |
| v. | ) |
| | ) |
| SUNRUN, INC., | ) Hon. Colin Stirling Bruce |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT SUNRUN, INC.'S REPLY BRIEF IN SUPPORT OF
MOTION TO STRIKE THE CLASS ALLEGATIONS**

**TABLE OF CONTENTS**

                                                                                                        **Page**

INTRODUCTION ................................................................................................................ 1

I.     PLAINTIFF'S OPPOSITION DOES NOT DISPUTE THAT INDIVIDUAL
       ISSUES PREDOMINATE.......................................................................................... 2

II.    PLAINTIFF'S OPPOSITION FURTHER CONFIRMS HIS INADEQUACY
       AND ATYPICALITY ................................................................................................ 4

III.   SUNRUN ENDEAVORS TO CALL ONLY THOSE NUMBERS WHOSE
       SUBSCRIBERS HAVE PROVIDED THE REQUISITE PERMISSION TO BE
       CONTACTED ............................................................................................................ 7

CONCLUSION ..................................................................................................................... 9

CERTIFICATE OF SERVICE ............................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Blow v. Bijora, Inc.*,
  855 F.3d 793 (7th Cir. 2017) ..................................................................................................2

*Braver v. Northstar Alarm Servs., LLC*,
  329 F.R.D. 320 (W.D. Okla. 2018)..........................................................................................2

*Bridging Comms. Inc. v. Top Flite Financial Inc.*,
  843 F.3d 1119 (6th Cir. 2016) ................................................................................................2

*Fisher v. Instant Checkmate LLC*,
  No. 19-cv-4892, 2021 WL 3033586 (N.D. Ill. July 19, 2021) ................................................8

*Johansen v. Bluegrass Vacations Unlimited, Inc.*,
  No. 20-cv-81076, 2021 WL 4973593 (S.D. Fla. Sept. 30, 2021) ............................................5

*Johansen v. Efinancial LLC*,
  No. 2:20-cv-01351, 2022 WL 168170 (W.D. Wash. Jan. 18, 2022) ...................................7, 8

*Johansen v. Nat'l Gas & Elec. LLC*,
  No. 2:17-cv-587, 2017 WL 6505959 (S.D. Ohio Dec. 20, 2017)............................................5

*Johnson v. Uber Techs., Inc.*,
  No. 16-cv-5468, 2018 WL 4503938 (N.D. Ill. Sept. 20, 2018) ...............................................8

*Kasalo v. Harris & Harris, Ltd*,
  656 F.3d 557 (7th Cir. 2011) ..................................................................................................4

*Kohen v. Pac. Inv. Mgmt Co. LLC*,
  571 F.3d 672 (7th Cir. 2009) ...............................................................................................2, 3

*Koos v. First Nat'l Bank of Peoria*,
  496 F.2d 1162 (7th Cir. 1974) ................................................................................................6

*Landsman & Funk PC v. Skinder-Strauss Assocs.*,
  640 F.3d 72 (3d Cir. 2011)......................................................................................................2

*Mantha v. Quotewizard*,
  No. 19-cv-12235, 2022 WL 325722 (D. Mass Feb. 3, 2022) .................................................8

*Medina v. Enhanced Recovery Co., LLC*,
  No. 15-cv-14342, 2017 WL 5196093 (S.D. Fla. Nov. 9, 2017) ..............................................2

*Mey v. Frontier Communications Corp.*,
   No. 13-cv-01191-MPS, slip op. (ECF 102) (D. Ct. 2015) ...................................................... 2

*Moore v. Nicole Hupp & Assocs., LLC*,
   No. 23-cv-4334, 2023 WL 7166555 (N.D. Ill. Oct. 31, 2023) ............................................. 2, 6

*Morris v. Modernize, Inc.*,
   No. 1:17-cv-00963, 2018 WL 7076744 (W.D. Tex. Sept. 27, 2018) ....................................... 8

*Oshana v. Coca-Cola Co.*,
   472 F.3d 506 (7th Cir. 2006) .................................................................................................. 3

*Reinert v. Power Home Remodeling Group, LLC*,
   No. 19-cv-13186, 2020 WL 6743094 (E.D. Mich. Nov. 17, 2020) ........................................ 8

*Rosenberg v. LoanDepot.com LLC*,
   435 F. Supp. 3d 308 (D. Mass. 2020) ..................................................................................... 2

*Sorsby v. TruGreen Ltd. P'Ship*,
   No. 20-cv-2601, 2023 WL 130505 (N.D. Ill. Jan. 9, 2023) .................................................... 4

*Sullivan v. All Web Leads, Inc.*,
   No. 17-cv-1307, 2017 WL 2378079 (N.D. Ill. June 1, 2017) ................................................. 2

*True Health Chiropractic, Inc. v. McKesson Corp.*,
   896 F.3d 923 (9th Cir. 2018) .............................................................................................. 2, 3

*Wolfkiel v. Intersections Ins. Servs. Inc.*,
   303 F.R.D. 287 (N.D. Ill. 2014) .............................................................................................. 3

*Wood v. Capital Vision Servs., LLC*,
   No. 20-cv-4584, 2021 WL 5280938 (N.D. Ill. Nov. 12, 2021) ............................................... 2

**Statutes**

47 U.S.C. § 227(a)(4) ..................................................................................................................... 2

47 U.S.C. § 227(c)(5) ..................................................................................................................... 2

Commodity Exchange Act, 7 U.S.C. § 25(a) ................................................................................. 2

E-Sign Act ...................................................................................................................................... 8

**Other Authorities**

47 C.F.R. § 64.1200(c) ................................................................................................................... 2

47 C.F.R. § 64.1200(f)(15) ............................................................................................................. 2

Defendant Sunrun Inc. ("Defendant" or "Sunrun"), by and through its undersigned attorneys, respectfully submits this reply brief in support of its motion to strike the class action allegations in the above-captioned action pursuant to Federal Rule of Civil Procedure 23 ("Motion" or "Mot.").[1]

## INTRODUCTION

Plaintiff Casey Bertram's ("Plaintiff") opposition ("Opposition" or "Opp.") (ECF 17) unequivocally highlights the inherent defects in Plaintiff's proposed class under Rule 23. No amount of discovery can salvage Plaintiff's flawed class.

First, it is clear now that Plaintiff cannot satisfy Rule 23(b)(3)'s predominance requirement because evidence of individual issues of consent and permission, including EBR[2], as well as whether the proposed class includes those persons with non-residential phone numbers, will predominate over issues common to the class.

Second, as confirmed by the Opposition, Plaintiff's individual TCPA claim revolves around the specific circumstances surrounding the 671 Number and Plaintiff's unique factual background, making him an atypical and inadequate class representative due to unique defenses and distinct issues related to his claim. Specifically, Plaintiff's Opposition confirms that the 671 Number is a non-residential number because it is *both* a business number and a cellular telephone number. Plaintiff's Do Not Call ("DNC") claim therefore fails because Plaintiff cannot satisfy this threshold element, rendering him unable to represent a class. The Court should strike the class allegations from the Complaint.

---

[1] Sunrun reserves the right to challenge Plaintiff's ability to satisfy Rule 23's requirements on any and all grounds, should the Court decline to strike the class allegations at this stage.

[2] Defined Terms used herein have the same meaning as in Sunrun's Motion to Strike the Class Allegations ("Mot.") (ECF 14.)

## I. PLAINTIFF'S OPPOSITION DOES NOT DISPUTE THAT INDIVIDUAL ISSUES PREDOMINATE

Sunrun's Motion established that Plaintiff cannot satisfy Rule 23(b)(3)'s predominance requirement because his proposed class definition includes scores of individuals who do not have any possible DNC claim against Sunrun, rendering class certification inappropriate, including those persons who: (a) have an EBR with Sunrun; (b) made an inquiry about solar within three months prior to being called; (c) provided their prior express permission to be called; and (d) received calls on non-residential telephone numbers. (*See* Mot. at 9–12); *see also* 47 U.S.C. § 227(c)(5); 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(c); 47 C.F.R. § 64.1200(f)(15).

Plaintiff's Opposition glosses over these facts and does not even attempt to address the case law cited by Sunrun that illustrates how such highly individualized issues defeat the predominance requirement under Rule 23. (*See* Mot. at 9–12.) Instead, Plaintiff cites inapposite case law—none of which address the predominance issues raised in Sunrun's Motion with respect to the proposed DNC class members (Opp. at 5–8).[3]

In any event, Plaintiff's own cases acknowledge that "[d]efenses that must be litigated on an individual basis can defeat class certification" by defeating predominance. *See True Health*

---

[3] Many of the cases relied upon by Plaintiff address the automatic dialing system or prerecorded message provisions of the TCPA, which, of course, are not at issue here. *See, e.g.*, *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017); *Sullivan v. All Web Leads, Inc.*, No. 17-cv-1307, 2017 WL 2378079, at *2, *8 (N.D. Ill. June 1, 2017); *Medina v. Enhanced Recovery Co., LLC*, No. 15-cv-14342, 2017 WL 5196093, at *1 (S.D. Fla. Nov. 9, 2017) (motion to compel discovery responses in an automatic telephonic dialing system case); *Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 313 (D. Mass. 2020); *Moore v. Nicole Hupp & Assocs., LLC*, No. 23-cv-4334, 2023 WL 7166555, at *4 (N.D. Ill. Oct. 31, 2023) (does not address whether EBR, inquiry, prospective customer permission or calls to non-residential telephone numbers defeat predominance); *Mey v. Frontier Communications Corp.*, No. 13-cv-01191-MPS, slip op. (ECF 102) (D. Ct. 2015) (motion to compel discovery responses); *Braver v. Northstar Alarm Servs., LLC*, 329 F.R.D. 320, 323 (W.D. Okla. 2018); *Wood v. Capital Vision Servs., LLC*, No. 20-cv-4584, 2021 WL 5280938, at *1 (N.D. Ill. Nov. 12, 2021). Others address the unsolicited fax provisions of the TCPA and therefore are likewise inapposite. *See Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 74 (3d Cir. 2011); *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 926 (9th Cir. 2018); *Bridging Comms. Inc. v. Top Flite Financial Inc.*, 843 F.3d 1119, 1121 (6th Cir. 2016). Finally, Plaintiff attempts to rely upon cases that do not even involve the TCPA. *See Kohen v. Pac. Inv. Mgmt Co. LLC*, 571 F.3d 672, 674 (7th Cir. 2009) (class action brought under Commodity Exchange Act, 7 U.S.C. § 25(a)).

*Chiropractic, Inc. v. McKesson Corp.*, 896. F.3d 923, 931 (9th Cir. 2018). As set forth in Sunrun's Motion, Plaintiff will not be able to establish through generalized proof that Sunrun did not have permission to call each putative class member. To determine whether or not a putative class member could assert a valid DNC claim against Sunrun, "the Court would have to conduct class-member-specific inquiries for each individual." *Wolfkiel v. Intersections Ins. Servs. Inc.*, 303 F.R.D. 287, 293 (N.D. Ill. 2014). Such "individualized inquiries would inevitably predominate over the common questions of fact" and therefore support striking the class allegations. *Id.* at 294.

Further, Plaintiff's cited authority also recognizes that overbroad class definitions that include persons with no claim are inappropriate because "a class should not be certified if it is apparent that it contains a great many persons who have suffered no injury at the hands of the defendant." *See Kohen*, 571 F.3d at 677 ("[I]f the [class] definition is so broad that it sweeps within it persons who could not have been injured by the defendant's conduct, it is too broad"). Here, Plaintiff's DNC class definition includes those customers and prospective customers who provided permission to be called by Sunrun, those customers with an EBR, and calls placed to non-residential telephone numbers. None of these putative class members may assert a valid TCPA DNC claim against Sunrun, rendering Plaintiff's proposed DNC class impermissibly overinclusive. (*See* Mot. at 9–12); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (class certification inappropriate where plaintiff's proposed "class could include millions who were not deceived and thus have no grievance" against the defendant and where "[c]ountless members of [plaintiff's] putative class could not show any damage" attributable to the defendant).

Rather than address the overbreadth of his proposed class, Plaintiff argues that he is entitled to subject Sunrun to burdensome class-wide discovery before this Court makes any determination about the viability of his proposed DNC class. But Plaintiff does not address Sunrun's cited case law, which holds that it is appropriate to eliminate Plaintiff's deficient class allegations now because no amount of discovery will cure the deficiencies in Plaintiff's class definition. *See, e.g.*, *Kasalo v. Harris & Harris, Ltd*, 656 F.3d 557, 563 (7th Cir. 2011) ("because a court has 'an independent obligation to decide whether an action brought on a class basis is to be maintained'. . . [i]t need not delay a ruling on certification if it thinks that additional discovery would not be useful in resolving the class determination") (quoting 7AA Wright, et al., Federal Practice & Procedure § 1785, at 360-61 (3d ed. 2005)); *Sorsby v. TruGreen Ltd. P'Ship*, No. 20-cv-2601, 2023 WL 130505, at *4–8 (N.D. Ill. Jan. 9, 2023) (rejecting similar argument that additional discovery is needed with respect to DNC class and striking class allegations); (Mot. at 7–9 (collecting cases).)

## II. PLAINTIFF'S OPPOSITION FURTHER CONFIRMS HIS INADEQUACY AND ATYPICALITY

In addition to Plaintiff's inability to satisfy Rule 23(b)'s predominance requirement, Sunrun's Motion established that Plaintiff cannot satisfy the adequacy and typicality requirements of Rule 23 due to the unique and curious circumstances surrounding Plaintiff's 671 Number. (*See* Mot. at 12–14.)

In response to Sunrun's Motion, Plaintiff does not meet Sunrun's arguments on the merits, but instead asserts that the 671 Number was not submitted by Plaintiff and that Plaintiff does not know who submitted the consent relied upon by Sunrun (provided by "K.M."). Plaintiff's Opposition does nothing to dispute Sunrun's arguments that Plaintiff is an inadequate and atypical representative, and in fact supports Sunrun's position on these points.

Specifically, Plaintiff's Opposition says nothing regarding the curious circumstances surrounding Plaintiff's TCPA claim against another solar provider, ADT Solar, where he alleges violations of the TCPA predicated upon solar related calls from that company, *before* Sunrun received the 671 Number and identical contact information provided to ADT Solar. In that case, Plaintiff alleges that another individual was on a call with both Plaintiff and ADT Solar and that other person claimed to be "K.M." and expressed interest in solar. (*See* Mot. at 6–7.) Further, Plaintiff does not dispute that when he first spoke to a Sunrun representative on the phone, he told that representative that K.M. died. (Declaration of Casey Bertram ("Bertram Decl.") ¶ 5.) If Plaintiff did not submit the 671 Number to Sunrun (or to ADT Solar) and did not want to be contacted, all he had to do was tell Sunrun not to call him. The record is undisputed that, after Plaintiff told Sunrun that K.M. died, Sunrun never called him again. (ML Decl. ¶¶ 16–17.) Plaintiff's suspicious actions with respect to the solar calls he received, however, render him an inadequate class representative. *See, e.g.*, *Johansen v. Bluegrass Vacations Unlimited, Inc.*, No. 20-cv-81076, 2021 WL 4973593, at *5 (S.D. Fla. Sept. 30, 2021) (denying class certification where actions of plaintiff—specifically, posing as a customer of the business alleged to have called him—made him an inadequate representative); *Johansen v. Nat'l Gas & Elec. LLC*, No. 2:17-cv-587, 2017 WL 6505959, at *3 (S.D. Ohio Dec. 20, 2017) ("[t]he court finds that the admissions of plaintiff in his affidavit and response brief [where plaintiff admitted playing along on a call with the defendant] cast serious doubts on his fitness to serve as an adequate class representative" and "undermine the viability of his cause of action under the TCPA").

Plaintiff's Opposition also *admits* that Plaintiff's phone number is both (1) a business number and (2) a cell phone. Both of these admissions are damning to Plaintiff's DNC claim and also further demonstrate the idiosyncratic nature of Plaintiff's claims. These admissions also

5

confirm that unique issues with respect to Plaintiff's claims will become "a major focus of the litigation," rendering Plaintiff "not a proper class representative." *Koos v. First Nat'l Bank of Peoria*, 496 F.2d 1162, 1164 (7th Cir. 1974); (*see also* Mot. at 12–14 (collecting cases).)

The DNC provision under which Plaintiff claims only applies to a "residential telephone subscriber," meaning the number called was used for "residential purposes." (Mot. at 10.) Plaintiff now admits that Bertman Trucking was a business he previously owned. (Bertram Decl. ¶ 9.) A cursory internet search makes clear that the 671 Number was associated with that business, defeating any attempt that Plaintiff may make to establish the "residential telephone subscriber" element of his claim. (GG Decl. ¶ 2, Ex. A.)

Moreover, despite alleging in the Complaint that the 671 Number was a "residential telephone number," (Compl. ¶ 19), Mr. Bertram's declaration demonstrates that the 671 Number is a cell phone number. (*See* Bertram Decl. ¶¶ 6, 7.) While Plaintiff asserts this is his "residential cell phone number[4]," *id.*, it is axiomatic that "a cellular phone and a residential phone are not the same thing." *Moore*, 2023 WL 8601528, at *2. As Judge Seeger recently explained:

> Some people live on their phones. (Take a look at the nearest teenager). Some people practically take up residence on their cell phones. But even the strongest addiction to a cell phone cannot transform it into a residential phone. A residential phone is a home phone that is hard-wired into the building. It means a land-line. It is *residential* in a very literal sense.

*Id.* These new factual circumstances, unique to Plaintiff, further underscore why he is an inadequate and atypical class representative. His claim does not arise from the same event,

---

[4] Plaintiff states that the 671 Number has been his cell phone number since he was 18 and that he is now 47. (Bertram Decl. ¶ 6.) Accordingly, Plaintiff would have subscribed to his cell phone in 1994 (29 years ago). Although cell phones are ubiquitous now, they certainly were far less common in 1994 and counsel is unaware of anyone foregoing their landline in 1994 for the use of a cell phone. This additional inquiry, necessarily unique to Plaintiff, further underscores why he is not an adequate class representative.

practice or course of conduct that might give rise to the claims of the other proposed class members, and the proposed class therefore fails Rule 23(a)(3)'s typicality and adequacy requirements and should be struck.

### III. SUNRUN ENDEAVORS TO CALL ONLY THOSE NUMBERS WHOSE SUBSCRIBERS HAVE PROVIDED THE REQUISITE PERMISSION TO BE CONTACTED

In a final effort to defeat Sunrun's Motion, Plaintiff dissembles about the validity of the permission Plaintiff, or K.M., provided Sunrun to call the 671 Number. (*See* Bertram Decl. ¶¶ 4–5; Opp. at 8–15.) Plaintiff's argument that the consent that Sunrun obtained to contact the 671 Number is invalid is wrong, but in any event, is a distraction that this Court need not wade into since it is evident that *Plaintiff* cannot represent a class for the reasons set forth above and in Sunrun's opening brief. (Opp. at 9–15.) First, in his Opposition, Plaintiff vehemently denied completing the Web Form (and the dispute over the submission of the Web Form further highlights the inadequacy of Plaintiff). Second, as discussed in Sunrun's opening brief, written consent through a website submission is one of several ways for Sunrun to obtain the requisite permission to contact customers and prospective customers. (*See* Mot. at 9–10.) Third, as Plaintiff's counsel is well aware, there is no liability for a DNC claim where, among other things, a person provides their written agreement to be contacted through the "submission of a website form." *Johansen v. Efinancial LLC*, No. 2:20-cv-01351, 2022 WL 168170, at *3 (W.D. Wash. Jan. 18, 2022) (citing Rules & Regulations Implementing the TCPA of 1991, C.G. Dkt. No. 02-278, Report and Order, 27 FCC Rcd 1830, 1844 (2012)). Accordingly, one method by which persons provide prior express permission to be contacted by a company—even when their number is listed on the NDNCR—is to submit a web form like the one at issue here. *Id.*; *see also*

*Morris v. Modernize, Inc.*, No. 1:17-cv-00963, 2018 WL 7076744, at *6–8 (W.D. Tex. Sept. 27, 2018) (finding web form similar to that completed here valid as a matter of law).

Here, it is undisputed that Sunrun received the 671 Number through submission of the Web Form, wherein K.M. (or Plaintiff) submitted K.M.'s request for a quote for solar by navigating through a multiple-page web form, provided their contact information including name and address, and provided their permission for Sunrun to contact them on the 671 Number by agreeing to the prominent disclosure immediately adjacent to where the visitor submits his or her phone number prior to hitting the "Submit" button. (ML Decl. ¶¶ 8–13.) This submission constitutes the requisite permission to contact a number listed on the DNC list.[5] *Efinancial LLC*, 2022 WL 168170, at *3; *Morris*, 2018 WL 7076744, at *3 (a disclaimer granting a business permission to call a consumer located underneath the button used to submit the web form would have been readily apparent to a reasonable consumer and is "clear and conspicuous as a matter of law").

---

[5] Plaintiff's reliance on inapposite cases including those construing arbitration provisions and clickwrap agreements, or involving online sweepstakes, are out of place and have no bearing the validity of Sunrun's permission to contact prospective customers who submit a webform. In any event, courts in this circuit have found arbitration disclosures with characteristics similar to the Web Form enforceable and conspicuous. *See, e.g.*, *Johnson v. Uber Techs., Inc.*, No. 16-cv-5468, 2018 WL 4503938, at *4–5 (N.D. Ill. Sept. 20, 2018); *Fisher v. Instant Checkmate LLC*, No. 19-cv-4892, 2021 WL 3033586, at *6 (N.D. Ill. July 19, 2021). Furthermore, Plaintiff is also wrong about the applicability of the E-Sign Act disclosures. The E-Sign Act "only requires that consent be accompanied by certain disclosures under specific statutes." *Reinert v. Power Home Remodeling Group, LLC*, No. 19-cv-13186, 2020 WL 6743094, at *3 (E.D. Mich. Nov. 17, 2020) (citing 15 U.S.C. § 70001(C)(1)). "Consumer disclosures must be made to obtain an electronic record of consent 'if a statute, regulation, or other rule of law requires that information relating to a transaction or transactions in or affecting interstate commerce be provided or made available to a consumer in writing.'" *Id.* The TCPA is not one of those statutes that requires information relating to a transaction be provided or made available to a consumer in writing. *Reinert*, 2020 WL 6743094, at *3; *Morris*, 2018 WL 7076744, at *3. Plaintiff relies on one non-precedential and out of circuit magistrate judge's report and recommendation for his position that the E-Sign disclosure provisions apply. (*See* Opp. at 13-15 (citing *Mantha v. Quotewiazd.com*, No. 19-cv-12235-LTS, 2021 WL 6061919 (D. Mass. Dec. 13, 2021) (report and recommendation on cross-motion for summary judgment by Magistrate Judge Kelley).) Plaintiff cites no other support for his position and Sunrun is not aware of any. Indeed, the district court's subsequent decision includes no discussion of the E-Sign Act. *See Mantha v. Quotewizard*, 19-cv-12235, 2022 WL 325722, at *10 (D. Mass Feb. 3, 2022) (discussing consent with respect to web form at issue and identifying other issues with the consent received *other than* the web form's lack of E-Sign disclosures).

## **CONCLUSION**

For the reasons set forth above, defendant Sunrun, Inc. respectfully requests that the Court strike the class allegations.

Dated: January 5, 2024

Respectfully submitted,

*/s/ Catherine E. James*
Lauri A. Mazzuchetti
Glenn Graham
Catherine E. James
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, Illinois 60606
T: (312) 857-7070
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com
cjames@kelleydrye.com

*Attorneys for Defendant
Sunrun Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2024, I caused a true and correct copy of the foregoing to be filed via the Court's CM/ECF System and thereby served via e-mail on all counsel of record.

*/s/ Catherine E. James*