UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CASEY BERTRAM, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>SUNRUN, INC.<br><br>       Defendant. | Case No. 23-cv-2215 |

**DEFENDANT SUNRUN INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY AND REQUEST FOR JUDICIAL NOTICE**

Plaintiff Casey Bertram's January 8, 2024 Notice of Supplemental Authority and Request for Judicial Notice ("RJN") (ECF No. 20) should be denied. The submitted "authority"—a Federal Trade Commission complaint in *United States v. Response Tree LLC*, No. 8:24-cv-1 (C.D. Cal.) ("FTC Complaint") filed on January 2, 2024, involving a different forum, different claims, and different parties—has nothing to do with Plaintiff's alleged do-not-call claim against Sunrun Inc. ("Sunrun") and is not "authority," but rather is allegations against a different and unrelated company. The FTC Complaint makes no mention of Sunrun because it does not involve them whatsoever.

Here, Plaintiff's Complaint alleges that Sunrun violated the do-not-call provision of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("DNC Claim") (*See* ECF No. 1, ¶¶ 33, 44–48.) The Complaint certainly lacks an allegation of "dark patterns" as alleged in the FTC Complaint submitted with the RJN. Importantly, Plaintiff could not bring such a claim, as there is no private right of action under the FTC Act. *See Int. Tax Advisors v. Tax Law Assocs., LLC*, No. 2011 WL 612093, at *5 (N.D. Ill. Feb. 15, 2011); *United States v. Philip Morris Inc.,* 263 F. Supp.

2d 72, 78 (D.D.C. 2003) ("The FTC Act is enforced exclusively by the FTC; there is no private right of action under the statute.").

Not only is the FTC Complaint entirely unrelated to Sunrun or Plaintiff's allegations, the case cited by Plaintiff to support its RJN is inapposite. The FTC documents judicially noticed in *Insulate SB, Inc. v. Advanced Finishing Sys., Inc., et al.*, dealt with Graco Inc., a named defendant in *Insulate SB, Inc.* 797 F.3d 538, 541, 543, n. 4 (8th Cir. 2015). After learning of the FTC complaint against Graco Inc., the plaintiff, Insulate SB, Inc., filed the lawsuit. *Id.* at 542. There was evidently a relation between the allegations in *Insulate SB, Inc.*, and the FTC investigation into Graco Inc. The parties in *Insulate SB, Inc.*, and the FTC complaint were intertwined in the antitrust claim at the center of *Insulate SB, Inc.* Here, there is no relation between the parties in this case, the allegations in this case, and the parties and allegations in the FTC action cited in the RJN.[1] Therefore, the Court should decline Plaintiff's RJN.

| | |
|---|---|
| Dated: January 12, 2024 | Respectfully submitted, |
| | */s/ Catherine E. James*<br>Lauri A. Mazzuchetti<br>Glenn Graham<br>Catherine E. James<br>KELLEY DRYE & WARREN LLP<br>333 West Wacker Drive, Suite 2600<br>Chicago, Illinois  60606<br>T: (312) 857-7070<br>lmazzuchetti@kelleydrye.com<br>ggraham@kelleydrye.com<br>cjames@kelleydrye.com<br><br>*Attorneys for Defendant*<br>*Sunrun Inc.* |

---

[1] Further, the Court in *Insulate SB, Inc.* granted the request for judicial notice limited to only "the existence of and basic facts surrounding these actions" and declined to consider the documents as evidence of the allegations. *Insulate SB, Inc.*, 797 F.3d at 543, n. 4.